# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DAVID RICH,                                    *

    Petitioner,                          *

    v.                                   *          **Civ. Action No.   RDB-19-129**
                                                   **Crim. Action No. RDB-08-438**

WARDEN,                                        *

    Respondent.                          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM OPINION</u>

Following a four-day jury trial before Judge William D. Quarles of this Court, Petitioner David Rich ("Rich" or "Petitioner") was convicted of conspiracy to distribute and possess with the intent to distribute heroin in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three); possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count Four); and assault on a federal law enforcement officer in violation of 18 U.S.C. § 111 (Count Five). On April 22, 2010, Judge Quarles sentenced Rich to the enhanced mandatory minimum[1] term of life imprisonment on Count One; a concurrent 420-month term on Count Two, and a concurrent 180-month term of imprisonment on Count Four. (RDB-08-438, ECF No. 55.)[2] Judge Quarles also imposed concurrent terms of 60 months

---

[1] *See* 21 U.S.C. § 851; 21 U.S.C. § 841(b)(1)(A) (2006); ECF No. 19.

[2] While the Petition itself was filed only under Civil Action No. RDB-19-129, several of Rich's supplements were filed in on the docket for the underlying criminal case, Crim. Action No. RDB-08-438. Most of the documents referenced in this Memorandum Opinion are in the docket for the criminal case. As

on Count Three and 240 months on Count Five which were to run consecutively to the sentences imposed on Counts One, Two, and Four. (*Id.*) Rich later secured vacatur of a prior Maryland conviction and filed a motion pursuant to 28 U.S.C. § 2255 seeking a re-sentencing for his federal convictions. The Government agreed to the request for re-sentencing, and Judge Quarles reduced Rich's overall sentence to 360 months of imprisonment. (ECF No. 100.) Later, Rich filed another motion seeking a reduction of sentence pursuant to Sentencing Guidelines Amendment 782, which reduced the guidelines for certain drug quantities. The Government again consented to the motion. (ECF No. 126.) Then-Chief Judge Blake of this Court reduced Rich's sentence to 300 months of imprisonment, the applicable mandatory minimum. (ECF No.127.) Rich is currently serving his sentence at FCI McDowell in Welch, West Virginia. Rich has also filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (RDB-08-438, ECF No. 152.) For the reasons stated in a separate Memorandum Order, that Motion, construed as a Motion for Sentence Reduction, is GRANTED. Rich will be resentenced by this Court on a date to be determined.

Currently pending before this Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (RDB-19-129, ECF No. 1.) The Government has opposed the Petition. (RDB-19-129, ECF Nos. 3, 15.) The parties' submissions have been

---

such, any references to documents filed in the civil case will be noted with that case number and the ECF number while references to documents in the criminal case will simply note the ECF number.

reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons

that follow, the Petition is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.[3]

## BACKGROUND

The facts of this case were summarized by Judge Quarles of this Court in his

Memorandum Opinion granting in part and denying in part Rich's first Motion to Vacate,

Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 97.) On

September 16, 2008, Rich was indicted by a grand jury and charged with possession with

intent to distribute 100 grams of heroin (Count Two); possession of a firearm in furtherance

of a drug trafficking crime (Count Three); possession of a firearm by a felon (Count Four);

and assault of a law enforcement officer (Count Five.) (ECF No. 1.) On February 19, 2009,

Rich was charged in a superseding indictment with the counts from the original indictment

and conspiracy to distribute one kilogram or more of heroin (Count One). (ECF No. 16.)

Rich pled not guilty to all counts and proceeded to trial on September 28, 2009.

The following is a summary of the facts proven at trial that the Government provided

to the United States Probation Office for inclusion in Rich's Presentence Investigation

Report ("PSR"):

> The defendant was identified as a member of a drug conspiracy moving
> significant quantities of heroin. Testimony during the trial from one witness
> established that the defendant received over ten kilograms of heroin from the
> witness, who acted as a courier for one of the defendant's suppliers. As part of
> the investigation, the defendant was surveilled by law enforcement officers
> traveling to an apartment, 2702 Gresham Way, Apartment 301, Baltimore
> County, Maryland. At various times, during the evening of August 25-26, 2008,
> law enforcement officers observed the defendant coming out onto the balcony

---

[3] A dismissal for a defect in jurisdiction must be one without prejudice because a court that lacks
jurisdiction has no power to adjudicate and dispose of a claim on the merits. *See Harvey v. CNN, Inc.*, 520 F.
Supp. 3d 693, 713 (D. Md. 2021).

of Apartment 301. Following a complete night of surveillance, at approximately midday on August 26, 2008, the defendant was observed exiting Apartment 301, and entering his 2008 Mercedes. Agents, armed with an arrest warrant, approached the defendant to take him into custody. The defendant placed his vehicle in drive and attempted to run over one officer, who was a federal task force officer with the Drug Enforcement Administration. The TFO escaped being run over by diving out of the way of the approaching vehicle. The defendant then led police on a high speed chase, culminating in his arrest in a wooded area near Interstate 695. A search warrant was prepared for 2702 Gresham Way Apartment 301. A search of the location revealed over 500 grams of heroin, significant quantities of cutting and packaging paraphernalia for heroin, a loaded .357 caliber handgun, and over $85,000 in cash.

(Amended PSR, ECF No. 102 ¶ 7.)

On October 1, 2009, the jury found Rich guilty on all counts. (ECF No. 44.) Given his 1994 Baltimore County conviction for unlawful manufacture of a controlled substance (ECF No.102 ¶ 41) and his 2004 Baltimore City conviction for possession of a controlled substance (*Id.* ¶ 56, vacated on July 19, 2013), Rich faced a mandatory minimum term of life imprisonment on Count One. On April 22, 2010, Judge Quarles sentenced Rich to life plus twenty years of imprisonment. (ECF No. 55.) Rich appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence in an unpublished opinion in *United States v. Rich*, 434 F. App'x 224 (4th Cir. 2011). On November 15, 2013, Judge Quarles resentenced Rich to a total term of 360 months of imprisonment because one of his prior felony drug offenses was vacated on state *coram nobis* review. (ECF No. 100.) Rich appealed, and the Fourth Circuit affirmed his amended judgment on July 2, 2014. *United States v. Rich*, 577 F. App'x 234 (4th Cir. 2014). On November 3, 2016, then-Chief Judge Blake of this Court reduced Rich's sentence to a total term of 300 months pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. (ECF No. 127.) Rich filed another motion pursuant to 28 U.S.C. § 2255 on December 18,

2017. (ECF No. 130.) On July 2, 2018, this Court dismissed the motion as untimely. (ECF Nos. 136, 137.)

On January 11, 2019, Rich filed the presently pending Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (RDB-19-129, ECF No. 1.) In this pending petition, he seeks to challenge the validity of his sentence. Rich has also filed supplements to his Petition. (RDB-08-438, ECF Nos. 144, 149.) The Government has opposed the Petition. (RDB-19-129, ECF Nos. 3, 15.)

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). An inmate may file a motion under § 2255 to lodge a collateral attack on the legality of his conviction or sentence. 28 U.S.C. § 2255(a); *Davis v. United States*, 417 U.S. 333, 343 (1974). But generally, a prisoner may file a petition under § 2241 only to challenge the manner in which a sentence is executed. 28 U.S.C. § 2241(c). A prisoner must challenge the legality of his sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Rice v. Rivera*, 617 F.3d 802, 806-08 (4th Cir. 2010) (per curiam); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(e); *see also Farrow v. Revell*, 541 F. App'x. 327, 328 (4th Cir. 2013) (per curiam) ("A federal prisoner who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, while § 2241 petitions are reserved for challenges to the execution of the prisoner's sentence.") (*citing In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Section 2255(e) is often referred to as the savings clause.

Section 2255 is not inadequate merely because the inmate is unable to obtain relief under § 2255. *In re Vial*, 115 F.3d at 1194 n.5. Thus, § 2255 is not rendered inadequate because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. *Id.* (citing *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34.

In *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), the Fourth Circuit applied the *Jones* factors to a context where a prisoner challenges the legality of his sentence. As the Court noted:

> . . . [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *See Jones*, 226 F.3d at 333-34 & n.3; *Hill*, 836 F.3d at 595; *Brown*, 719 F.3d at 586.

886 F.3d at 429. The Fourth Circuit has also held that the savings clause found in § 2255 sets forth requirements which are jurisdictional. *Id.* at 426.

6

## ANALYSIS

Petitioner argues that he is entitled to relief because § 2255 is inadequate and ineffective to test the legality of his conviction under 18 U.S.C. § 924(c). He contends that § 924(c) is unconstitutional because the phrase "in furtherance of" is void for vagueness after the decision of the United States Supreme Court in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). The Government argues that Petitioner has not satisfied the requirements to proceed under the savings clause pursuant to *Jones* and *Wheeler* because he has identified no subsequent change in the law that has rendered his conviction or sentence illegal.

Under *Jones*, Petitioner must show that subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is no longer criminal. 226 F.3d at 333-34. Petitioner is unable to make this showing because the United States Court of Appeals for the Fourth Circuit has repeatedly affirmed convictions under § 924(c) where a defendant has been convicted of possessing a firearm in furtherance of a drug trafficking crime. *See United States v. Crawley*, 2 F.4th 257, 263-64 (4th Cir. 2021) (reaffirming the Court's decision in *United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016) that a conviction under § 924(c) is sound even where a defendant was found to have possessed a firearm *both* in furtherance of a drug trafficking crime and in furtherance of a crime of violence which no longer qualifies as a predicate offense after *Johnson v. United States*, 576 U.S. 591 (2014)). In this case, the jury returned a verdict of guilty on Count Three which charged Petitioner with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (ECF No. 44 at 2.) Since Petitioner cannot show that the law has changed such that the conduct underlying his conviction is no longer illegal,

he has not met the requirements of the savings clause.[4] Accordingly, this Court is without jurisdiction to hear his claims.

Petitioner has also filed a series of supplements to his Petition asking this Court to take notice of several Fourth Circuit decisions. (RDB-08-438, ECF Nos. 144, 149, 150, 151). Petitioner has requested that the Court take note of *Shular v. United States*, 140 S. Ct. 779 (2020), which at the time he filed his first supplement was still pending.  In *Shular*, the Supreme Court upheld a defendant's sentencing enhancement under the Armed Career Criminal Act. That case has no bearing Petitioner's case because Petitioner was not sentenced as an armed career criminal. Petitioner also highlights *Dean v. United States*, 137 S. Ct. 1170 (2017). This Court, however, has already considered and rejected Petitioner's arguments as to *Dean* in its Memorandum Opinion dismissing his earlier § 2255 motion. (ECF No. 136 at 4-6.)

Finally, Petitioner asks this Court to consider the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). As Chief Judge Urbanski of the United States District Court for the Western District of Virginia has noted:

> Section 922(g) provides that "it shall be unlawful" for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons . . . . A separate provision, § 924(a)(2), adds that anyone who *knowingly* violates the first provision shall be fined or imprisoned for up to 10 years." *Rehaif*, 139 S. Ct. at 2194; *see also* 18 U.S.C. § 922(g). In *Rehaif*, the Supreme Court held that "the word knowingly applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194.

---

[4] For the same reason, Petitioner is unable to meet the requirements of *Wheeler* to challenge his sentence on this Count.

*Moore v. Streeval*, No. 7:20CV00551, 2021 U.S. Dist. LEXIS 178726, at *5 (W.D. Va. Sep. 20, 2021). Petitioner argues that he is able to satisfy the *Jones* and *Wheeler* requirements to proceed under the savings clause as to his § 922(g) conviction in light of the Supreme Court's decision in *Rehaif*. In this case, Petitioner meets the first and third requirements of the *Jones* and *Wheeler* tests. First, the settled law of this Circuit at the time of Petitioner's sentencing on the § 922(g) count established the legality of the conviction and sentence. *See United States v. Lockhart*, 947 F.3d 187, 196 (4th Cir. 2020) (noting that *Rehaif* abrogated prior Fourth Circuit precedent). Second, Petitioner satisfies the third requirement to proceed under the savings clause because *Rehaif* was a decision of statutory interpretation, not constitutional law. *See In re Wright*, 942 F.3d 1063, 1064-65 (11th Cir. 2019) (per curiam) ("*Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2).")

Petitioner cannot, however, meet the second requirement to proceed under the savings clause. As Chief Judge Urbanski has stated, "several courts within the Fourth Circuit have held that *Rehaif* did not change substantive law because the conduct for which the petitioner was convicted is still illegal." *Moore v. Streeval*, No. 7:20CV00551, 2021 U.S. Dist. LEXIS 178726, at *7 (W.D. Va. Sep. 20, 2021) (collecting cases). Moreover, the record in this case is clear that at the time of his trial Petitioner had been convicted of at least three felonies for which he received sentences of greater than one year in prison, excluding the conviction that was later vacated in state post-conviction proceedings. (PSR, ECF No. 102 ¶¶ 41, 45, 51.) The Government has attached to its response the transcript of Petitioner's September 27, 2005 guilty pleas to witness/juror intimidation and possession of a controlled

substance during which Petitioner acknowledged under oath that he understood that the crimes to which he was pleading guilty were punishable by more than one year in prison. (ECF No. 15-1.) Because Petitioner's conduct is still criminal even after *Rehaif*, he is unable to satisfy the second *Jones* requirement to proceed under the savings clause.[5] Accordingly, this Court lacks jurisdiction over Petitioner's claim.

## CONCLUSION

For the reasons stated above, this Court will DISMISS the Petition (RDB-19-129, ECF No. 1) WITHOUT PREJUDICE for lack of jurisdiction.

A separate Order follows.

Dated: December 16, 2021

_____/s/_____
Richard D. Bennett
United States District Judge

---

[5] A challenge to Petitioner's sentence on the 922(g) count also fails because Petitioner cannot meet the *Wheeler* requirements. To date, *Rehaif* has not been made retroactive on collateral review. *See, e.g.*, *Asar v. Travis*, No. 6:20-cv-00394-BHH-KFM, 2020 U.S. Dist. LEXIS 41694, at *16 (D.S.C. Feb. 10, 2020).